## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HARBECK,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.** _____ |
| | ) | |
| | ) | **Honorable Judge** _____ |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **AON SERVICE CORPORATION,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

PLAINTIFF, **JOSEPH HARBECK** ("Mr. Harbeck"), by and through his undersigned

counsel, Michael I. Leonard and Ethan E. White of Leonard Law Offices, states as follows as his

Complaint against DEFENDANT, **AON SERVICE CORPORATION** ("AON"):

### PARTIES

1.      Plaintiff, Mr. Harbeck, is an Illinois resident who resides in Round Lake, Illinois.

Mr. Harbeck was former employed by AON.

2.      Defendant, AON, is incorporated under the laws of the State of Illinois.

3.      At all times relevant to this action, AON was doing and conducting business in

Chicago, Illinois, including at 200 E. Randolph, and employed Mr. Harbeck at that location.

**JURISDICTION AND VENUE**

4.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.

5.    This Court can exercise personal jurisdiction over AON and venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times AON regularly and continuously transacted and was doing business within this District.

**FACTUAL AND LEGAL BACKGROUND**

6.    Mr. Harbeck is 50 years old.

7.    Mr. Harbeck began his employment with AON on or about September 17, 2005.

8.    During Mr. Harbeck's employment with AON, he met all of AON's legitimate employment and performance expectations.

9.    AON hired Mr. Harbeck in 2005 as a Human Resources Manager and later moved him to the position of Senior Human Resources Manager – the position he held until March 2013.

10.    In January 2012, Mr. Harbeck applied for a Human Resources Director position.

11.    Mr. Harbeck was qualified for that position and met all of the qualifications for that position.

12.    However, AON refused to even interview Mr. Harbeck for that position, and filled that position with a female, Sara Marzo, who was under 40 years of age.  Mr. Harbeck was more qualified than Ms. Marzo for that position.

13.    AON never told Mr. Harbeck why he was not chosen for that position.

14.    In July 2012, Mr. Harbeck was told by Kate Sanderson (female, under 40 years of age) of AON that he was effectively being demoted by way of the reduction of his job responsibilities to a lower level position.  That change in job responsibilities became effective in approximately July 31, 2012.

15.     After demoting Mr. Harbeck, AON filled his former Senior Human Resources Manager position with a female, Elise Kirtland, who was then 27 year old.

16.     Mr. Harbeck was of course qualified for that position and met the qualifications for that position, and in fact he was more qualified to hold it than Ms. Kirtland.

17.     AON demoted Mr. Harbeck and replaced him with Ms. Kirtland because of his age and gender.

18.     In or about the Fall of 2012, the position of Human Resources Director (that Mr. Harbeck had applied for in January 2011) within AON once again became open.

19.     AON posted that open position in or about October 2012.

20.     On or about November 30, 2012, Mr. Harbeck applied for that position of Human Resources Director.

21.     Mr. Harbeck was qualified for that position.  Indeed, prior to even applying for that position, Mr. Harbeck discussed that opening with Executives within AON who told him, *inter alia*, that he was more than qualified for that position and that he would be a great in that role.

22.     Mr. Harbeck was interviewed by the hiring manager for that position, however, AON did not allow him to interview with the Business Leaders for that position because the hiring manager selected Jennifer Dover to fill that position -- a white female under 40 years of age.  AON gave Ms. Dover the opportunity to interview with the Business Leaders prior to giving her that position.

23.     On or about January 29, 2013, Mr. Harbeck was notified that he would not be given the Human Resources Director position, and that he was no longer being considered for it.

24.     AON denied Mr. Harbeck that position because of his age and gender.

25.     AON filled that Human Resources Director's position with Jennifer Dover, a female who is approximately 35 years of age.

26.     Mr. Harbeck was more qualified than Ms. Dover to fill that position, or at least equal to her in terms of qualifications.

27.     On March 18, 2013, Mr. Harbeck ended his employment relationship with AON based upon his dissatisfaction and frustration with his role as a result of his demotion, and in light of AON's repeated denial of his attempts to obtain other positions within the Company as described above.

28.     On April 14, 2013, Mr. Harbeck timely filed a Charge of Discrimination.

29.     On October 22, 2012, the EEOC issued Mr. Harbeck a Notice of Right to Sue letter.

30.     Mr. Harbeck has timely filed the present lawsuit, and has satisfied all procedural prerequisites to bringing this action.

## LEGAL CLAIMS

### COUNT I
### (Violations of the ADEA,
### 29 U.S.C., section 621, *et. seq.)*

31.     Mr. Harbeck re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 30 above as Paragraph 31 of Count I of his Complaint.

32.     Mr. Harbeck brings this Count under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C., section 621, *et. seq.*

33.     At all relevant times, AON was an "employer" within the meaning of the ADEA and required to comply with its provisions.

34.     Mr. Harbeck was an "employee" within the meaning of the ADEA and entitled to its protections.

35.     AON took adverse employment actions against Mr. Harbeck -- namely, demoting him and twice denying him the above-reference promotions to the position of Human Resources Director -- because of his age.

36.     The bases for AON's demotion and the denial of the above-referenced promotions to Mr. Harbeck were pretexts for unlawful discrimination.

37.     Mr. Harbeck's age was a motivating factor in AON's decisions to demote Mr. Harbeck, and to twice deny him the above-referenced promotions to the position of Human Resources Director.

38.     Similarly situated employees who were not within the protected age class were not demoted and were treated more favorably by AON.

39.     As a direct proximate result of AON's unlawful actions against Mr. Harbeck in demoting him and denying him promotions in violation of the ADEA, Mr. Harbeck has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Mr. Harbeck, by and through his undersigned counsel, respectfully requests the entry of an Order granting judgment in his favor and against Defendant AON on Count I of his Complaint, for all monetary and other relief to which he is entitled to recover for his ADEA claim, for his attorneys' fees and costs, and for such other and further relief as is appropriate under the circumstances.

<u>**COUNT II**</u>
**(Violations of the Title VII**
**42 U.S.C., section 2000, *et. seq.*)**

40.     Mr. Harbeck re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 30 above as Paragraph 40 of Count II of his Complaint

41.     Mr. Harbeck brings this Count under Title VII of the Civil Rights Act of 1964, 42 U.S.C., section 2000, *et. seq.* ("Title VII") for gender discrimination.

42.     At all relevant times, AON was an "employer" within the meaning of the Title VII and required to comply with its provisions.

43.     Mr. Harbeck was an "employee" within the meaning of Title VII and entitled to its protections.

44.     AON took adverse employment actions against Mr. Harbeck -- namely, demoting him and twice denying him the above-reference promotions to the position of Human Resources Director -- because of his gender, male.

45.     The bases for AON's demotion and the denial of the above-referenced promotions to Mr. Harbeck were pretexts for unlawful discrimination.

46.     Mr. Harbeck's gender was a motivating factor in AON's decisions to demote Mr. Harbeck, and to twice deny Mr. Harbeck the above-referenced promotions to the position of Human Resources Director.

47.     As a direct proximate result of AON's unlawful actions against Mr. Harbeck in demoting him and denying him promotions in violation of Title VII, Mr. Harbeck has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Mr. Harbeck, by and through his undersigned counsel, respectfully requests the entry of an Order granting judgment in his favor and against Defendant AON on Count II of his Complaint, for all monetary and other relief to which he is entitled to recover for his Title VII claim, for his attorneys' fees and costs, and for such other and further relief as is appropriate under the circumstances.

**Respectfully Submitted,**

**By:     /s/ Michael I. Leonard**
**Attorney for Plaintiff**

**JURY TRIAL DEMANDED**

**LEONARD LAW OFFICES**
Michael I. Leonard
mleonard@leonardlawoffices.com
Ethan E. White
ewhite@leonardlawoffices.com
203 North LaSalle, Suite 1620
Chicago, IL  60601
(312)380-6569 (phone)
(312)264-0671 (fax)
Dated: Dated December 10, 2013